NO. 07-05-0168-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 12, 2006

_____

MICHAEL RAY DIAZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 48,940-C; HON. PATRICK PIRTLE, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Michael Ray Diaz contests his felony conviction for indecency with a child (his daughter). He was sentenced to imprisonment for life after pleading true to two enhancement paragraphs in the indictment. His sole issue on appeal concerns the receipt into evidence of a tape recording of a telephone conversation wherein he admitted to "touching" and possibly "licking" his daughter and several other children, including the other party to the phone conversation. The trial court purportedly violated Texas Rules of

Evidence 403 and 404(b) in receiving the tape into evidence because of its multiple references to extraneous offenses or bad acts. We affirm.

In challenging the tape, appellant fails to distinguish between his admission to committing the indecency upon his daughter and his admission to committing indecencies upon other children. This is of import because receiving into evidence one's confession of the crime for which he is being tried is a legitimate exercise of the trial court's discretion under both Rules 403 and 404(b). *See Matthews v. State*, No. 07-05–0142-CR, 2006 Tex. App. LEXIS 5933 at *2 (Tex. App.–Amarillo July 10, 2006, no pet. h.). Consequently, we cannot find fault in the decision to allow into evidence appellant's admission regarding the indecency with his own daughter.

Concerning the references to his commission of the other indecencies, we assume *arguendo* that the trial court abused its discretion in receiving them. However, the error was harmless. There being no purported constitutional violation involved, we conduct the relevant harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See Potier v. State,* 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) (holding that erroneous evidentiary rulings seldom rise to the level of constitutional error). The latter rule obligates us to determine whether error affected a substantial right of appellant, that is, whether it had a substantial and injurious affect or influence upon the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). And, in assessing that possibility, we should consider everything in the record including the testimony and physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the error and how the error might be considered with other evidence, the jury

2

instructions, the State's theory of the case, any defensive theories, and closing arguments. *Morales v. State,* 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

Of utmost import here is appellant's confession to committing the indecency upon his daughter. This evidence alone strongly supports the verdict and negates any suggestion that the complainant fabricated the accusation. So too did it bolster the testimony of the victim about how appellant "touched" her vagina with both his hand and tongue. Thus, it can be said that the evidence of guilt was overwhelming. And, though the State relied on the audiotape in its closing argument, the majority of the State's references were to appellant's offense against his daughter; the references to the offenses involving others were brief. Nor can we forget that appellant also pled true to the felony enhancement paragraphs contained in the indictment; these pleas no doubt affected the measure of punishment levied. Finally, the trial court did instruct the jury that reference to the extraneous offenses in the tape could not be used "for any purpose of showing character or that the Defendant acted in conformity with that in this particular offense." Considering these indicia, we conclude that while the admission of the extraneous offenses may have affected the verdict, the affect was not a substantial one.

Accordingly, appellant's issue is overruled and the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

3